# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL G. MINNER, | CASE NO. 07-CV-0807 W (NLS) |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| MIKE E. POULOS, Warden, | |
| Respondent. | |

On May 3, 2007, Petitioner Darryl G. Minner, a California inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On August 2, 2007, Respondent filed a motion to dismiss the Petition.

Plaintiff failed to file an opposition to Respondent's motion. Accordingly, on September 27, 2007, the Honorable Nita L. Stormes, United States Magistrate Judge, issued an Order To Show Cause Why Motion to Dismiss Should Not Be Granted ("OSC"). The OSC essentially provided Petitioner with additional time to oppose the motion. Petitioner failed to respond to the OSC.

On December 27, 2007, Judge Stormes issued a Report and Recommendation ("Report"). The Report recommends that the Court find this case presents a "mixed petition," and allow Petitioner an opportunity to notify the Court about how he intends

to proceed. The Report ordered that any objection was to be filed by January 8, 2008, and any reply filed by January 22, 2008. To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

### I.  DISCUSSION

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(holding that 28 U.S.C. 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise")(emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Arizona 2003) (concluding that where no objections were filed, the District Court had no obligation to review the magistrate judge's Report). This rule of law is well established within the Ninth Circuit and this district. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005)("Of course, de novo review of a R & R is ***only*** required when an objection is made to the R & R.")(emphasis added)(citing Renya-Tapia, 328 F.3d 1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopted Report without review because neither party filed objections to the Report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); see also Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

The Court therefore accepts Judge Stormes' recommendation, and **ADOPTS** the Report in its entirety. For the reasons stated in the Report, which is incorporated herein by reference, the Court **FINDS** that this case involves a "mixed petition" because the Petition has exhausted and unexhausted claims. The unexhausted claims are as follows:

- Petitioner's Claim One - that the trial court violated his due process rights by failing to admit the videotape of his pre-arrest interview with police.

- Petitioner's Claim Three - that the trial court violated his fifth, sixth and fourteenth amendment rights to due process and a jury trial by instructing the jury on the statutory presumption of "willful or wanton disregard" in Vehicle Code § 2800.2.

With respect to these unexhausted claims, Petitioner must exhaust the state judicial remedies through either a direct appeal or collateral appeal. See 28 U.S.C. § 2254(b),(c). Otherwise, the Court will dismiss the Petition.

In order to avoid the Court dismissing the Petition on its own accord, Petitioner may choose one of the following options.

### A.     First Option:  Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims identified above, that the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **March 3, 2008**. Respondent may file a reply by **April 15, 2008**.

### B.     Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **March 3, 2008**. Respondent may file a reply by **April 15, 2008**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. §

2244(d).[1]  Filing a petition in federal court does not stop the statute of limitations from running.  Id. at 181-82; Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### C. Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones.  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, he must file a pleading with this Court no later than **March 3, 2008**.  Respondent may file a reply by **April 15, 2008**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court.  See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[2]

---

[1] 28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made

### D. Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. Rhines v. Webber, 544 U.S. 113 (2005); Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **March 3, 2008**. Respondent may file a reply by **April 15, 2008**.

## II. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss [Doc. No. 6] is **DENIED** to the extent it seeks dismissal of the Petition at this time. However, the Court **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS AND IT IS THEREFORE SUBJECT TO DISMISSAL**. If Petitioner fails to respond to this Order by the deadlines set forth above, the Court will dismiss the Petition without prejudice.[3] See Rose, 455 U.S. at 522.

**IT IS SO ORDERED.**

DATED: January 30, 2008

Hon. Thomas J. Whelan
United States District Judge

---

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[3]Although the dismissal would be "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.